

NUMBER 13-08-00686-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE MARIO ALBERTO SALAZAR

### On Petition for Writ of Mandamus.

### MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion Per Curiam[1]**

Relator, Mario Alberto Salazar, an inmate appearing pro se, seeks a writ of mandamus to compel the trial court to rule on relator's motion for a judgment nunc pro tunc addressing pre-sentence jail time credit. We deny the petition for writ of mandamus.

Mandamus may issue to compel a trial court to rule on a motion for judgment nunc pro tunc addressing jail time credit which has been pending before the court for a reasonable period of time. *See Ex parte Ybarra*, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004); *In re Sarkissian*, 243 S.W.3d 860, 860-61 (Tex. App.–Waco 2008, orig. proceeding).

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

To obtain mandamus relief for the trial court's refusal to rule on such a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.–San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-3 (Tex. App.–Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding). The relator has the burden of providing a record establishing that his motion has awaited disposition for an unreasonable time. *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.–San Antonio 2004, orig. proceeding). Moreover, merely filing a motion with a district or trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426. Courts consider several factors in determining whether the trial court has unnecessarily delayed a ruling, including the trial court's actual knowledge of the motion, its overt refusal to act on it, the state of the court's docket, the court's inherent power to control its docket, and the existence of other judicial and administrative matters which must be addressed. *See Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.–Amarillo 2001, orig. proceeding).

Relator has included in his appendix a copy of a letter that he addressed to the Bee County District Clerk, dated August 15, 2008, asking the clerk to file his enclosed motion for nunc pro tunc credit. The letter and attached motion are not file-stamped by the district clerk and there is no proof that the trial court ever received or reviewed the letter and motion. Thus, there is nothing in the limited record before this Court to establish that relator ever requested a ruling on his motion for judgment nunc pro tunc or otherwise called that motion to the trial court's attention. *See In re Daisy*, 156 S.W.3d 922, 924 (Tex.

2

App.–Dallas 2005, orig. proceeding) (granting mandamus relief when record contained several letters from the trial court explaining why relator's motion related to jail time credit would not be ruled on). Nor does the record show the status of the trial court's docket.

Accordingly, the Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought, and the petition for writ of mandamus should be denied. *See* TEX. R. APP. P. 52.8. We DENY the petition for writ of mandamus.

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered
and filed this the 4th day of December, 2008.