**In re John Michael DAISY, Relator.**

No. 05-05-00004-CV.

Court of Appeals of Texas, Dallas.

March 7, 2005.

---

John Michael Daisy, Dayton, TX, for relator.

William T. Hill, Dallas, TX, for Real Party in Interest.

Before Justices MORRIS, RICHTER, and MAZZANT.

## OPINION

Opinion By Justice MAZZANT.

In this original proceeding, we must decide whether the trial court judge erred in not giving relator John Michael Daisy additional credit for time served. Because we conclude the trial court erred, we conditionally grant the writ.

### BACKGROUND

Relator was arrested and jailed in the Irving jail on July 31, 2001 for an assault involving family violence. On August 7, 2001, relator was transferred from the Irving jail to the Dallas County Jail. On that same date, a magistrate informed relator of his rights and set bail in the amount of $15,000. Relator did not post bail, and remained in jail until the date of his trial. On November 8, 2001, relator was convicted of felony assault involving family violence. *See* TEX. PEN.CODE ANN. § 22.01(a), (b)(2) (Vernon Supp.2004–05). Punishment was assessed at five years' imprisonment and a $500 fine. The trial court's judgment gave appellant credit for presentence time served from August 7, 2001 to November 8, 2001. Appellant appealed,

and this Court affirmed the trial court's judgment on November 15, 2002 and issued its mandate on February 11, 2003. Appellant did not raise the issue of back time credit on appeal.

Appellant thereafter filed a motion for a nunc pro tunc judgment, seeking credit for the time he was in jail from the date of his arrest on July 31, 2001 until August 7, 2001. There are several form letters in the clerk's record from the trial court judge to relator giving various reasons why the judge could not or would not rule on his motion. On January 3, 2005, relator filed a pro se petition for writ of mandamus complaining of the trial judge's failure to grant him the additional back time credit. Neither the State nor the respondent filed a response.

### ANALYSIS

■ To obtain mandamus relief, relator must demonstrate that (1) he has no other adequate legal remedy, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial. *State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex.Crim.App.2001). An act is ministerial if it does not involve the exercise of any discretion and the relator has a clear right to relief. *See id.* The relief sought must be clear and indisputable, such that its merits are beyond dispute. *See id.* at 927–28.

■ The code of criminal procedure provides that

> [i]n all criminal cases the judge of the court in which the defendant was convicted *shall* give the defendant credit on his sentence for the time that the defendant has *spent in jail in said cause,* other than time served as a condition of community supervision, *from the time of his arrest and confinement until his sentence* by the trial court.

TEX.CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (Vernon Supp.2004–05) (emphasis added); *see also Ex parte Ybarra,* 149 S.W.3d 147, 148 (Tex.Crim.App.2004) (per curiam) (trial court required to grant presentence jail time credit when sentence is pronounced). If the trial court fails to award back time credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to reflect the appropriate back time credit by a nunc pro tunc order and should do so. *Ex parte Ybarra,* 149 S.W.3d at 148; *see also* TEX.R.APP. P. 23.2 (nunc pro tunc order). Because the trial court is required to award credit for presentence time served, the judge's failure to do so violates a ministerial duty. *See State ex rel. Hill,* 34 S.W.3d at 927–28. Further, if a motion for a nunc pro tunc order for back time credit is filed and the trial judge fails to respond, relief may be sought by petition for writ of mandamus to the court of appeals. *See Ex parte Ybarra,* 149 S.W.3d at 148–49.

■ Relator filed a motion seeking additional credit for the time he spent in the Irving jail from the date of his arrest on July 31, 2001 until he was transferred to the Dallas County Jail on August 7, 2001. The record shows that relator was confined on the family violence assault during that time period. Therefore, he is entitled to additional back time credit for the dates of July 31, 2001 through August 6, 2001. The trial judge's failure to enter a nunc pro tunc order giving him that credit violated a ministerial duty, for which relator's remedy is mandamus relief.

Accordingly, we conditionally granted relator's petition for writ of mandamus. We order the trial judge to entered a nunc pro tunc order giving relator presentence credit for the time he spent in the Irving jail from July 31, 2001 through August 6, 2001. The trial judge is ordered to file a

certified copy of its nunc pro tunc order with this Court within thirty days of the date of this opinion. Should the trial court fail to do so, the writ will issue.