COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )

                                                                              )

                                                                              )             
No.  08-06-00085-CR

                                                                              )

IN RE:  JAIME LUEVANO                                  )     AN ORIGINAL PROCEEDING

                                                                              )

                                                                              )                 IN MANDAMUS

                                                                              )

                                                                              )

                                                                              )

 

 

OPINION
ON PETITION FOR WRIT OF MANDAMUS

 








Jaime Luevano has
filed a pro se petition for writ of mandamus, seeking an order
compelling the Honorable Angelica Barill, Judge of the 346th District Court of
El Paso County, Texas and the Honorable Robert Anchondo, Judge of the County
Criminal Court at Law No. 2 of El Paso County, Texas to rule on his motions to
withdraw his plea, motion for copy of judgment and sentence, motion for new
trial, and his motion for reduction of sentence, respectively.  To obtain mandamus relief in a criminal
matter, the relator must establish:  (1)
the act sought to be compelled is ministerial; and (2) there is no adequate
remedy at law.  Dickens v. Court of
Appeals for Second Supreme Judicial Dist. of Texas, 727 S.W.2d 542, 548
(Tex.Crim.App. 1987)(orig. proceeding). 
Relator has the burden for providing a record sufficient to establish
his right to mandamus relief.  Walker
v. Packer, 827 S.W.2d 833, 837 (Tex. 1992)(orig. proceeding); In re
Bates, 65 S.W.3d 133, 135 (Tex.App.--Amarillo 2001, orig. proceeding).

From the record
before us, we cannot determine whether the said motions were properly filed
with the trial courts or that the trial courts received and were made aware of
the motions.  See In re Chavez, 62
S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding)(filing the matter
with the district clerk was not sufficient to impute knowledge of the pleading
such that the trial court was made aware of it); Barnes v. State, 832
S.W.2d 424, 426-27 (Tex.App.--Houston [1st Dist.] 1992, orig.
proceeding)(relator must show that motion was brought to the trial court=s attention and the court failed or
refused to rule); cf. In re Daisy, 156 S.W.3d 922, 924 (Tex.App.--Dallas
2005, orig. proceeding)(granting mandamus relief where record contained several
form letters from the trial court to relator giving various reasons why the
court could not or would not rule on his motion).

Based on the
record before us, we are unable to conclude that Relator is entitled to the
relief requested.  We further deny
Relator=s motion
to expedite writ of mandamus and to amend writ as moot.  Accordingly, the petition for writ of
mandamus is denied.

 

 

May
18, 2006

                                                                        DAVID
WELLINGTON CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)