Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
IN RE: DANIEL RANDOLPH, JR.,                 )                  No. 08-06-00098-CR
)
                                    Relator.                            )                 AN ORIGINAL PROCEEDING
) 
)IN MANDAMUS
)

OPINION ON PETITION FOR WRIT OF MANDAMUS

            Relator, Daniel Randolph, Jr., seeks a writ of mandamus compelling the Honorable Brock
Jones, Jr., Judge of the 112th District Court of Crockett County to rule on a variety of motions filed
with the court between 2003 and 2005. To obtain mandamus relief in a criminal matter, the relator
must establish: (1) the act sought to be compelled is ministerial, and (2) there is no adequate remedy
at law. Dickens v. Court of Appeals for Second Supreme Judicial District of Texas, 727 S.W.2d 542,
548 (Tex.Crim.App. 1987). Relator has the burden for providing a record sufficient to establish his
right to mandamus relief. Walker v. Packer, 827 S.W.2d 833 (Tex. 1992); Ex parte Bates, 65
S.W.3d 133, 135 (Tex.App.--Amarillo 2001, orig. proceeding).
            From the record before us, we cannot determine whether the said motion was properly filed
with the trial court or that the trial court received and was made aware of the motion. See In re
Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding)(filing the matter with the
district clerk was not sufficient to impute knowledge of the pleading such that the trial court was
made aware of it); Barnes v. State, 832 S.W.2d 424, 426-27 (Tex.App.--Houston [1st Dist.] 1992,
orig. proceeding)(relator must show that motion was brought to the trial court’s attention and the
court failed or refused to rule); cf. In re Daisy, 156 S.W.3d 922, 924 (Tex.App.--Dallas 2005, orig.
proceeding)(granting mandamus relief where record contained several form letters from the trial
court to relator giving various reasons why the court could not or would not rule on his motion). 
            Furthermore, although mandamus is not an equitable remedy, its issuance is largely governed
by equitable principles. See In re Little, 998 S.W.2d 287, 289 (Tex.App.--Houston [1st Dist.] 1999,
orig. proceeding); see also Smith v. Flack, 728 S.W.2d 784, 792 (Tex.Crim.App. 1987)(orig.
proceeding); accord Rivercenter Associates v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993)(orig.
proceeding); Callahan v. Giles, 137 Tex. 571, 575, 155 S.W.2d 793, 795 (1941)(orig. proceeding). 
Thus, a petition for mandamus may be denied under the equitable doctrine of laches if the relator has
failed to diligently pursue the relief sought. Rivercenter Associates, 858 S.W.2d at 367; Callahan,
137 Tex. at 575-76, 155 S.W.2d at 795-96.
            Relator’s claims all stem from events that allegedly occurred at the earliest in 2005. Relator
offers no explanation in his delay for seeking mandamus relief. Mandamus relief is also barred by
laches. See id. Based on the record before us, we are unable to conclude that Relator is entitled to
the relief requested. Accordingly, the petition for writ of mandamus is denied.

June 29, 2006                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)