COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

                                                                              )

                                                                              )

                                                                              )

                                                                              )             
No.  08-06-00139-CR

                                                                              )

IN RE:  JAIME LUEVANO                                  )     AN ORIGINAL PROCEEDING

                                                                              )

                                                                              )                 IN MANDAMUS

                                                                              )

                                                                              )

 

 

OPINION
ON PETITION FOR WRIT OF MANDAMUS

 

Relator, Jaime
Luevano has filed a pro se petition for writ of mandamus, seeking an
order compelling the county clerk and district clerk to return motions he has
filed in the trial court.[1]   Relator also filed a Motion to Amend Writ of
Mandamus, seeking an order compelling the county clerk and district clerk to
return the motions listed above, as well as a Motion for Speedy Trial and a
Motion for New Trial and an order to compel Criminal County Court of Law No. 2,
to rule on his Motion for New Trial.








We have no
authority to issue a writ of mandamus to the district clerk in this case. See
Tex. Gov=t
Code Ann. '
22.221(a), (b)(Vernon 2004). 
Furthermore, to obtain mandamus relief in a criminal matter, the relator
must establish:  (1) the act sought to be
compelled is ministerial, and (2) there is no adequate remedy at law.  Dickens v. Court of Appeals for Second
Supreme Judicial Dist. Of Texas,
727 S.W.2d 542, 548 (Tex.Crim.App. 1987). 
Relator has the burden for providing a record sufficient to establish
his right to mandamus relief.  Walker
v. Packer, 827 S.W.2d 833, 837 (Tex.
1992); In re Bates, 65 S.W.3d 133, 135 (Tex.App.--Amarillo 2001, orig.
proceeding).  From the record before us,
we cannot determine whether the said motions were properly filed with the trial
court or that the trial court received and was made aware of the motion.  See In re Chavez, 62 S.W.3d 225, 228
(Tex.App.--Amarillo 2001, orig. proceeding) (filing the matter with the
district clerk was not sufficient to impute knowledge of the pleading such that
the trial court was made aware of it); Barnes v. State, 832 S.W.2d 424,
426-27 (Tex.App.--Houston [1st Dist.] 1992, orig. proceeding)(relator must show
that motion was brought to the trial court=s
attention and the court failed or refused to rule); cf. In re Daisy, 156
S.W.3d 922, 924 (Tex.App.--Dallas 2005, orig. proceeding)(granting mandamus
relief where record contained several form letters from the trial court to
relator giving various reasons why the court could not or would not rule on his
motion).

Based on the
record before us, we are unable to conclude that Relator is entitled to the
relief requested.  Accordingly, the petition
for writ of mandamus is denied and Relator=s
Motion to Expedite Writ is denied as moot.

 

July
27, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.











[1]
These motions referred to in the writ and attached as exhibits to the writ,
include AMotion to
Withdraw Plea, Refile Motion to Withdrawal of Plea in General, Motion for New
Trial, Motion for Discovery-Disclosure and Suppress Jurors Names, and Motion
for Mandatory Withdrawal of Counsel.@  The motions attached as exhibits to the writ
are copies and do not contain a filed stamp.