

# NUMBER 13-08-00191-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MARK WADE SEATON

## On Petition for Writ of Mandamus

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Vela
### Per Curiam Memorandum Opinion[1]

Relator, Mark Wade Seaton, pro se, filed a petition for writ of mandamus in this Court on April 11, 2008. Relator asks this Court to compel the trial court to process relator's motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01-64.05 (Vernon 2006 & Supp. 2007). We deny the petition for writ of mandamus for the reasons stated herein.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

First, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52.3.

Second, a mandamus petitioner establishes that the trial court abused its discretion by failing to rule on a matter if the petitioner shows that the trial court: (1) had a legal duty to rule; (2) was asked to rule; and (3) failed or refused to do so. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.–San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). A trial court has a reasonable time to perform the ministerial duty of considering and ruling on a matter properly filed and before the court. *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426. Whether the judge has acted within a "reasonable" period of time depends on the circumstances of the case. *Chavez*, 62 S.W.3d at 228.

A party who complains about a trial court's refusal to hear or rule on a matter must show that the matter was brought to the attention of the trial court and that the trial court failed or refused to rule. *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.–San Antonio 2004, orig. proceeding); *Barnes*, 832 S.W.2d at 426-27; *see e.g., In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.–Dallas 2005, orig. proceeding) (granting mandamus relief when record contained several letters from the trial court explaining its refusal to rule on relator's motion). Merely filing the matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court. *Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228.

Relator alleges that he filed his motion for DNA testing on February 19, 2008, and, on March 20, 2008, wrote the district clerk a letter requesting that the matter be set for hearing. The record currently before the Court fails to establish (1) the filing date for relator's motion, (2) that relator has called the trial court's attention to his motion or requested that a hearing be set to determine its merit, and (3) whether the trial court has had a reasonable time within which to rule but has failed or refused to do so. Therefore, we cannot conclude that relator has shown any abuse of discretion by the trial court. *See In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.–Amarillo 2003, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 24th day of April, 2008.

3