NUMBER 13-08-00686-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________

 

IN RE MARIO ALBERTO SALAZAR


____________________________________________________________


On Petition for Writ of Mandamus.

____________________________________________________________


MEMORANDUM OPINION
 


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion Per Curiam (1)



 Relator, Mario Alberto Salazar, an inmate appearing pro se, seeks a writ of
mandamus to compel the trial court to rule on relator's motion for a judgment nunc pro tunc
addressing pre-sentence jail time credit. We deny the petition for writ of mandamus. 

 Mandamus may issue to compel a trial court to rule on a motion for judgment nunc
pro tunc addressing jail time credit which has been pending before the court for a
reasonable period of time. See Ex parte Ybarra, 149 S.W.3d 147, 149 (Tex. Crim. App.
2004); In re Sarkissian, 243 S.W.3d 860, 860-61 (Tex. App.-Waco 2008, orig. proceeding). 
To obtain mandamus relief for the trial court's refusal to rule on such a motion, a relator
must establish: (1) the motion was properly filed and has been pending for a reasonable
time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. 
See In re Hearn, 137 S.W.3d 681, 685 (Tex. App.-San Antonio 2004, orig. proceeding);
In re Keeter, 134 S.W.3d 250, 252-3 (Tex. App.-Waco 2003, orig. proceeding); In re
Chavez, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig. proceeding); Barnes v. State,
832 S.W.2d 424, 426 (Tex. App.-Houston [1st Dist.] 1992, orig. proceeding). The relator
has the burden of providing a record establishing that his motion has awaited disposition
for an unreasonable time. In re Mendoza, 131 S.W.3d 167, 168 (Tex. App.-San Antonio
2004, orig. proceeding). Moreover, merely filing a motion with a district or trial court clerk
does not equate to a request that the trial court rule on the motion. See Hearn, 137
S.W.3d at 685; Chavez, 62 S.W.3d at 228; Barnes, 832 S.W.2d at 426. Courts consider
several factors in determining whether the trial court has unnecessarily delayed a ruling,
including the trial court's actual knowledge of the motion, its overt refusal to act on it, the
state of the court's docket, the court's inherent power to control its docket, and the
existence of other judicial and administrative matters which must be addressed. See Ex
parte Bates, 65 S.W.3d 133, 135 (Tex. App.-Amarillo 2001, orig. proceeding). 

 Relator has included in his appendix a copy of a letter that he addressed to the Bee
County District Clerk, dated August 15, 2008, asking the clerk to file his enclosed motion
for nunc pro tunc credit. The letter and attached motion are not file-stamped by the district
clerk and there is no proof that the trial court ever received or reviewed the letter and
motion. Thus, there is nothing in the limited record before this Court to establish that
relator ever requested a ruling on his motion for judgment nunc pro tunc or otherwise called
that motion to the trial court's attention. See In re Daisy, 156 S.W.3d 922, 924 (Tex.
App.-Dallas 2005, orig. proceeding) (granting mandamus relief when record contained
several letters from the trial court explaining why relator's motion related to jail time credit
would not be ruled on). Nor does the record show the status of the trial court's docket. Accordingly, the Court, having examined and fully considered the petition for writ of
mandamus, is of the opinion that relator has not shown himself entitled to the relief sought,
and the petition for writ of mandamus should be denied. See Tex. R. App. P. 52.8. We
DENY the petition for writ of mandamus. 


 PER CURIAM


Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered 

and filed this the 4th day of December, 2008. 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not
required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).