NUMBER 13-09-00472-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE JAMES BELL MCCOY, SR.






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Per Curiam Memorandum Opinion (1)



 Relator, James Bell McCoy, Sr., pro se, seeks a writ of mandamus to compel the
Honorable Sandra Watts, Judge of the 117th District Court of Nueces County, Texas, to
rule on relator's "Motion to Compel," which was allegedly submitted on June 16, 2009. (2) 
We deny the petition for writ of mandamus.

 A mandamus petitioner establishes that the trial court abused its discretion by failing
to rule on a matter if the petitioner shows that the trial court: (1) had a legal duty to rule; (2)
was asked to rule; and (3) failed or refused to do so. See In re Dimas, 88 S.W.3d 349, 351
(Tex. App.-San Antonio 2002, orig. proceeding); In re Chavez, 62 S.W.3d 225, 228 (Tex.
App.-Amarillo 2001, orig. proceeding); Barnes v. State, 832 S.W.2d 424, 426 (Tex.
App.-Houston [1st Dist.] 1992, orig. proceeding); accord O'Connor v. First Ct. of Appeals,
837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). A trial court has a reasonable time to
perform the ministerial duty of considering and ruling on a matter properly filed and before
the court. Chavez, 62 S.W.3d at 228; Barnes, 832 S.W.2d at 426. Whether the judge has
acted within a "reasonable" period of time depends on the circumstances of the case. 
Chavez, 62 S.W.3d at 228.

 A party who complains about a trial court's refusal to hear or rule on a matter must
show that the matter was brought to the attention of the trial court and that the trial court
failed or refused to rule. In re Hearn, 137 S.W.3d 681, 685 (Tex. App.-San Antonio 2004,
orig. proceeding); Barnes, 832 S.W.2d at 426-27; see e.g., In re Daisy, 156 S.W.3d 922,
924 (Tex. App.-Dallas 2005, orig. proceeding) (granting mandamus relief when record
contained several letters from the trial court explaining its refusal to rule on relator's
motion). Merely filing the matter with the district clerk is not sufficient to impute knowledge
of the pending pleading to the trial court. Hearn, 137 S.W.3d at 685; Chavez, 62 S.W.3d
at 228. 

 Relator alleges that he "submitted" his motion to compel on June 16, 2009, and, on
July 8, 2009, wrote the court a letter asking it to consider the motion to compel within
twenty days. The record currently before us Court fails to establish: (1) the filing date for
relator's motion; (2) that relator has called the trial court's attention to his motion or
requested that a hearing be set to determine its merit; and (3) whether the trial court has
had a reasonable time within which to rule but has failed or refused to do so. Therefore,
we cannot conclude that relator has shown any abuse of discretion by the trial court. See
In re Villarreal, 96 S.W.3d 708, 710 (Tex. App.-Amarillo 2003, orig. proceeding). 

 The Court, having examined and fully considered the petition for writ of mandamus, 
is of the opinion that relator has not shown himself entitled to the relief sought. 
Accordingly, the petition for writ of mandamus is DENIED. See Tex. R. App. P. 52.8(a). 



 PER CURIAM


Memorandum Opinion delivered and 

filed this 24th day of August, 2009.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not
required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. In addition to the petition for writ of mandamus, relator also filed a "Motion for Leave of Court to File
Fewer Copies" and a "Motion to Proceed in Forma Pauperis." The Court, having examined and fully
considered these motions, grants them without separate order.