# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00570-CV

**In re Bill Kuhn**

## ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Bill Kuhn was convicted by a jury of multiple child sexual abuse offenses. A direct appeal is currently pending in this Court in cause number 03-11-00041-CR. In that appeal, appellate counsel filed a brief on Kuhn's behalf on April 8, 2011. The State filed its brief in response on June 24, 2011. On July 27, 2011, Kuhn filed a *pro se* motion in this Court to fire his appellate counsel. We overruled that motion. Kuhn now files this petition for writ of mandamus asking us to compel the trial court to dismiss his appellate counsel or, in the alternative, to allow him to proceed in his appeal *pro se*. We decline to do so and deny the petition.

To obtain mandamus relief, a relator must demonstrate that (1) he has no other adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial. *State ex rel. Young v. Sixth Jud. Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007); *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). An act is ministerial if it does not involve the exercise of any discretion and the relator has a clear right to relief. *See State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001); *In re Daisy*, 156 S.W.3d at 924. The relief sought must

be clear and indisputable, such that its merits are beyond dispute. *See State ex rel. Hill*, 34 S.W.3d at 927-28; *In re Daisy*, 156 S.W.3d at 924.

Kuhn asserts in his petition that he has a clear right to relief because he has a constitutional right to self-representation as well as a constitutional right "to present a Pro Se Appeal brief." Contrary to his claim, however, Kuhn does not have a constitutional right to represent himself on direct appeal. The United States Supreme Court has held that there is no federal constitutional right to self-representation on direct appeal. *Martinez v. Court of Appeal of Cal. Fourth Appellate Dist.*, 528 U.S. 152, 163-64 (2000) (constitutional right to represent oneself does not extend to appellate process under either Sixth Amendment or Due Process Clause); *see Scheanette v. State*, 144 S.W.3d 503, 550 n.2 (Tex. Crim. App. 2004), *cert. denied*, 543 U.S. 1059 (2005) (because appellant did not have constitutional right to represent himself on direct appeal, court declined to address points of error raised in appellant's *pro se* brief that was filed after appellate counsel filed brief on appellant's behalf).

Further, no Texas court has recognized a state constitutional right to self-representation on direct appeal. *See Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order); *Stafford v. State,* 63 S.W.3d 502, 506 (Tex. App.—Texarkana 2001, order) (per curiam); *Hadnot v. State,* 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order); *Cain v. State,* 976 S.W.2d 228, 235 (Tex. App.—San Antonio 1998, no pet.); *see also Felder v. State*, No. 07-03-0260-CR (Tex. App.—Amarillo Oct. 17, 2003, order), *available at* http://www.7thcoa.courts.state.tx.us/opinions/pdfOpinion.asp?OpinionID=9537). This Court has previously concluded that there is no state constitutional right of self-representation on appeal.

*Glenn v. State*, No. 03-03-00212-CR, 2003 Tex. App. LEXIS 7082, at *2-3 (Tex. App.—Austin Aug. 6, 2003, order).

Moreover, Kuhn's appellate counsel has already filed a brief raising multiple points of error for this Court to review. It is well established that Kuhn is not entitled to hybrid representation. *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim App. 2001) ("Appellants are not allowed to have 'hybrid representation' on appeal, in which an appellant and an attorney can present independent points to an appellate court."); *see Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006), *cert. denied*, 552 U.S. 842 (2007) (court refused to address points raised in appellant's *pro se* brief filed after appellate counsel filed brief on appellant's behalf because appellant had no right to hybrid representation); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (appellant's *pro se* supplemental brief filed after brief was filed by appellant's appointed counsel presented nothing for review).

Because Kuhn has neither a constitutional right to represent himself on direct appeal nor a right to hybrid representation on appeal,[1] we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

---

[1] *See Williams v. State*, No. 03-09-00542-CR, 2011 Tex. App. LEXIS 1426, at *2 n.1 (Tex. App.—Austin Feb. 25, 2011, no pet.) (mem. op., not designated for publication) (criminal defendant has no right to hybrid representation or to represent himself on direct appeal).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Filed:   October 28, 2011