# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00527-CV

### In re George Zuniga

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator George Zuniga filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2010); *see also* Tex. R. App. P. 52. In the petition, Zuniga asks this Court to compel the Honorable Brenda Kennedy, presiding judge of the 403rd Judicial District Court of Travis County, to enter a *nunc pro tunc* judgment modifying Zuniga's judgment of conviction to reflect missing presentence jail time credit. We conditionally grant the petition.

As an initial matter, Zuniga's petition does not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.7(a)(1) (requiring certified or sworn copy of every document that is material to relator's claim for relief). However, in response to this Court's request, the real party in interest, the State of Texas by and through the Criminal District Attorney in and for Travis County, Texas, filed a response to Zuniga's petition. This response includes copies of relevant documents in the appendices enabling us to review Zuniga's claim.

The file-marked copies of the documents provided by the State reflect that on March 28, 2011 Zuniga entered a plea of guilty to aggravated assault with a deadly weapon pursuant to a plea bargain agreement. The trial court sentenced Zuniga to confinement in the Texas

Department of Criminal Justice for six years. Zuniga complains that he has been denied credit for jail time served from June 27, 2010 through July 18, 2010.

To obtain mandamus relief, a relator must demonstrate that (1) he has no other adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial. *State ex rel. Young v. Sixth Jud. Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007); *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). An act is ministerial if it does not involve the exercise of any discretion and the relator has a clear right to relief. *See State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001); *In re Daisy*, 156 S.W.3d at 924. The relief sought must be clear and indisputable, such that its merits are beyond dispute. *See State ex rel. Hill*, 34 S.W.3d at 927-28; *In re Daisy*, 156 S.W.3d at 924.

The trial court is required to grant a defendant presentence jail time credit when the sentence is pronounced. Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (West Supp. 2010); *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). In the event the trial court fails to award such credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to reflect the appropriate time credit by judgment *nunc pro tunc* and should do so. Tex. R. App. P. 23; *Ex parte Ybarra*, 149 S.W.3d at 148. Because the law requires the trial court to award credit for presentence time served, the judge's failure to do so violates a ministerial duty. *In re Daisy*, 156 S.W.3d at 924; *see Ex parte Ybarra*, 149 S.W.3d at 148; *State ex rel. Hill*, 34 S.W.3d at 927-28. Thus, whenever a defendant can show indisputably that he has been denied jail time credit for a

2

period of pretrial incarceration, he is entitled to relief from the convicting court in the form of a judgment *nunc pro tunc* and, failing that, by writ of mandamus in the court of appeals. *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011); *see Ex parte Ybarra*, 149 S.W.3d at 148.

Zuniga fails to explain why he believes he has been denied credit for the twenty-two days from June 27, 2010 through July 18, 2010. In fact, the judgment entered by the trial court reflects credit for jail time served from June 28, 2010 to March 28, 2011, the date of sentencing. Thus, the only jail time credit at issue is the one day jail time credit for June 27, 2010.

In his motion for *nunc pro tunc* judgment included in his petition, Zuniga states that he was arrested on June 27, 2010. The Order of Commitment, however, indicates that Zuniga was placed into custody in the Travis County jail on June 28, 2010. Nevertheless, the State concedes in its response that Zuniga was arrested without a warrant on June 27, 2010. The affidavit for the arrest warrant indicates that Zuniga was taken into custody by the affiant on June 27, 2010 when the officer responded to the scene of the assault.

Both Zuniga and the State agree that Zuniga was taken into custody on June 27, 2010, and the record supports such a finding. More importantly, the State concedes error, acknowledges that the one-day discrepancy in the trial court's judgment is a clerical error, and asks this Court to grant the mandamus relief Zuniga seeks.

Accordingly, we conditionally grant Zuniga's petition for writ of mandamus and direct the district court to enter a judgment *nunc pro tunc* awarding Zuniga credit for the additional day of time he served prior to sentencing. The writ will issue only if the district court fails to take appropriate action in accordance with this opinion.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Filed:   November 15, 2011

4