TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00527-CV






In re George Zuniga






ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N


 Relator George Zuniga filed a petition for writ of mandamus in this Court. See Tex.
Gov't Code Ann. § 22.221 (West Supp. 2010); see also Tex. R. App. P. 52. In the petition, Zuniga
asks this Court to compel the Honorable Brenda Kennedy, presiding judge of the 403rd Judicial
District Court of Travis County, to enter a nunc pro tunc judgment modifying Zuniga's judgment
of conviction to reflect missing presentence jail time credit. We conditionally grant the petition.

 As an initial matter, Zuniga's petition does not comply with the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 52.7(a)(1) (requiring certified or sworn copy of every
document that is material to relator's claim for relief). However, in response to this Court's request,
the real party in interest, the State of Texas by and through the Criminal District Attorney in and for
Travis County, Texas, filed a response to Zuniga's petition. This response includes copies of
relevant documents in the appendices enabling us to review Zuniga's claim.

 The file-marked copies of the documents provided by the State reflect that on
March 28, 2011 Zuniga entered a plea of guilty to aggravated assault with a deadly weapon pursuant
to a plea bargain agreement. The trial court sentenced Zuniga to confinement in the Texas
Department of Criminal Justice for six years. Zuniga complains that he has been denied credit for
jail time served from June 27, 2010 through July 18, 2010. 

 To obtain mandamus relief, a relator must demonstrate that (1) he has no other
adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act
sought to be compelled is purely ministerial. State ex rel. Young v. Sixth Jud. Dist. Court of Appeals,
236 S.W.3d 207, 210 (Tex. Crim. App. 2007); In re Daisy, 156 S.W.3d 922, 924 (Tex. App.--Dallas
2005, orig. proceeding). An act is ministerial if it does not involve the exercise of any discretion and
the relator has a clear right to relief. See State ex rel. Hill v. Court of Appeals for Fifth Dist.,
34 S.W.3d 924, 927 (Tex. Crim. App. 2001); In re Daisy, 156 S.W.3d at 924. The relief sought must
be clear and indisputable, such that its merits are beyond dispute. See State ex rel. Hill, 34 S.W.3d
at 927-28; In re Daisy, 156 S.W.3d at 924.

 The trial court is required to grant a defendant presentence jail time credit when the
sentence is pronounced. Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (West Supp. 2010); Ex parte
Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). In the event the trial court fails to award such
credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to
reflect the appropriate time credit by judgment nunc pro tunc and should do so. Tex. R. App. P. 23;
Ex parte Ybarra, 149 S.W.3d at 148. Because the law requires the trial court to award credit for
presentence time served, the judge's failure to do so violates a ministerial duty. In re Daisy,
156 S.W.3d at 924; see Ex parte Ybarra, 149 S.W.3d at 148; State ex rel. Hill, 34 S.W.3d at 927-28. 
Thus, whenever a defendant can show indisputably that he has been denied jail time credit for a
period of pretrial incarceration, he is entitled to relief from the convicting court in the form of a
judgment nunc pro tunc and, failing that, by writ of mandamus in the court of appeals. In re Brown,343 S.W.3d 803, 805 (Tex. Crim. App. 2011); see Ex parte Ybarra, 149 S.W.3d at 148.

 Zuniga fails to explain why he believes he has been denied credit for the twenty-two
days from June 27, 2010 through July 18, 2010. In fact, the judgment entered by the trial court
reflects credit for jail time served from June 28, 2010 to March 28, 2011, the date of sentencing. 
Thus, the only jail time credit at issue is the one day jail time credit for June 27, 2010.

 In his motion for nunc pro tunc judgment included in his petition, Zuniga states that
he was arrested on June 27, 2010. The Order of Commitment, however, indicates that Zuniga was
placed into custody in the Travis County jail on June 28, 2010. Nevertheless, the State concedes in
its response that Zuniga was arrested without a warrant on June 27, 2010. The affidavit for the arrest
warrant indicates that Zuniga was taken into custody by the affiant on June 27, 2010 when the officer
responded to the scene of the assault.

 Both Zuniga and the State agree that Zuniga was taken into custody on June 27, 2010,
and the record supports such a finding. More importantly, the State concedes error, acknowledges
that the one-day discrepancy in the trial court's judgment is a clerical error, and asks this Court to
grant the mandamus relief Zuniga seeks.

 Accordingly, we conditionally grant Zuniga's petition for writ of mandamus and
direct the district court to enter a judgment nunc pro tunc awarding Zuniga credit for the additional
day of time he served prior to sentencing. The writ will issue only if the district court fails to take
appropriate action in accordance with this opinion.



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Filed: November 15, 2011