# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00477-CV

## In re James Earl Crayton

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator James Earl Crayton, an inmate in the Texas Department of Criminal Justice, filed a pro se petition for writ of mandamus asking this Court to compel the trial court to grant his "Motion Requesting New Trial Newly Discovered Evidence." *See* Tex. Gov't Code Ann. § 22.221 (West 2004); Tex. R. App. P. 52. We deny the petition.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding). To be entitled to mandamus relief in a criminal case, a relator must establish that: (1) he has no other adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). An act is ministerial if it does not involve the exercise of any discretion and the relator has a clear right to relief. *State ex rel. Hill*, 34 S.W.3d at 927; *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas

2005, orig. proceeding). The relief sought must be clear and indisputable, such that its merits are beyond dispute. *See State ex rel. Hill*, 34 S.W.3d at 927-28; *Daisy*, 156 S.W.3d at 924.

Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Hill*, 34 S.W.3d at 927; *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). Crayton's motion, however, is not properly filed and before the trial court. Under the Texas Rules of Appellate Procedure, a motion for new trial must be filed within 30 days after the date the trial court imposed sentence. Tex. R. App. P. 21.1(a), 21.4(a). The power to grant a motion for new trial is an exercise of "particular authority" by a court of "limited jurisdiction." *State v. Holloway*, 360 S.W.3d 480, 485-86 (Tex. Crim. App. 2011) (citing *Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987)). When the statutory timetable is not followed, the trial court lacks jurisdiction to thereafter rule on the merits of the motion for new trial. *Id.*

Crayton asserts in his petition that he filed his motion for new trial on February 21, 2012. The record reflects that he was sentenced by the trial court on September 9, 1997.[1] Crayton's request—made 15 years after sentencing—is untimely. Consequently, the trial court lacks jurisdiction to rule on the merits of his motion and has no ministerial duty to act upon the motion.

We deny Crayton's petition for writ of mandamus.

---

[1] This Court issued an opinion affirming Crayton's conviction on June 25, 1998. *See Crayton v. State*, No. 03-97-00643-CR (Tex. App.—Austin June 25, 1998, pet. ref'd) (mem. op.), *available at* http://www.3rdcoa.courts.state.tx.us/opinions/HTMLopinion.asp?OpinionId=3410.

_____
Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed:   August 2, 2012

3