# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00621-CV

## In re Michael Craig De Loriea

### ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator, Michael Craig De Loriea, has filed a pro se petition for writ of mandamus, asking this Court to compel the trial court to act on his application for habeas corpus relief challenging his misdemeanor conviction for DWI. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); Tex. R. App. P. 52. We deny the petition.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding). To obtain mandamus relief in a criminal case, a relator must establish that: (1) he has no other adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong, relief should be denied. *Id.* An act is ministerial if it does not involve the exercise of any discretion and the relator has a clear right to relief. *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding); *In re Daisy*,

156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). The relief sought must be clear and indisputable, such that its merits are beyond dispute. *See State ex rel. Hill*, 34 S.W.3d at 927-28; *Daisy*, 156 S.W.3d at 924.

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *Blakeney*, 254 S.W.3d at 661; *see also* Tex. R. App. P. 52.7(a) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.3(k) (specifying the required contents for the appendix), 52.7(a) (specifying the required contents for the record).

De Loriea's petition for writ of mandamus does not reflect, as an attachment to the petition for mandamus or as a filing in connection with the petition, a certified sworn copy of any document. We are not furnished a copy of the habeas corpus application itself nor are we provided any documents or a record showing that the application for writ of habeas corpus was filed. De Loriea asserts in his petition that he mailed the application to the County Court at Law No. 2 of Hays County, Texas and mailed subsequent follow-up letters to the court's clerk. However, he provides no evidence that the application or subsequent letters were received by or filed with the court. Because there is no record evidence apart from De Loriea's own account of the events

reflecting that the attempt to file the habeas corpus application was made, he has failed to show entitlement to mandamus relief.  Accordingly, we deny the petition for writ of mandamus.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed:  October 12, 2012