

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00099-CV

IN RE RICARDO GUTIERREZ, RELATOR

ORIGINAL PROCEEDING

April 17, 2014

## MEMORANDUM OPINION

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

Before the Court is the petition for writ of mandamus filed *pro se* by relator Ricardo Gutierrez, an inmate in the Texas Department of Criminal Justice, Institutional Division. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2010); TEX. R. APP. P. 52. In his petition, Gutierrez asks that we direct the respondent, the Honorable Ed Self, presiding judge of the 242nd Judicial District Court of Swisher County, to set aside his conviction or sentence and conduct a new punishment hearing or new trial.  We will deny the petition.

Gutierrez's petition reflects events spanning more than twenty years. He was indicted for aggravated sexual assault of a child.[1] Pursuant to a plea bargain, he entered a guilty plea in December 1992. The trial court honored the plea bargain and sentenced him to ten years of incarceration, probated for five years, and a $1000 fine. Gutierrez's probation was revoked in 1996 and he was sentenced to confinement for ten years. Gutierrez appealed his revocation and we affirmed it in 1997. *Gutierrez v. State,* No. 07-96-0443-CR, 1997 Tex. App. LEXIS 5419 (Tex. App.—Amarillo October 15, 1997, no pet.). In 1998, Gutierrez filed a writ of habeas corpus with the Court of Criminal Appeals that was denied. *Ex parte Gutierrez*, App. No. 38,985-01.[2] He then filed a petition for writ of mandamus with this Court that was conditionally granted. *In re Gutierrez,* No. 07-00-0482-CV, 2000 Tex. App. LEXIS 8429 (Tex. App.—Amarillo Dec. 19, 2000, original proceeding). For reasons explained in our opinion, we directed the trial court to set aside the original 1992 judgment. Citing *Heath v. State*, 817 S.W.2d 335, 336-37 (Tex. Crim. App. 1991), we said that as the result of setting aside his sentence and conviction, Gutierrez "and the State will thereby be returned to the positions they occupied before the plea bargain was entered into." 2000 Tex. App. LEXIS 8429 at *7.

At his second trial, Gutierrez rejected the State's plea bargain offer, plead not guilty and proceeded to jury trial in July 2001, at which the jury found him guilty and sentenced him to imprisonment for 50 years. We affirmed that conviction in *Gutierrez v. State,* No. 07-01-0334-CR, 2003 Tex. App. LEXIS 9319 (Tex. App.—Amarillo October

---

[1] TEX. PENAL CODE ANN. § 22.021 (West 2012).

[2] Gutierrez also filed petitions in federal court. *See Gutierrez v. Quarterman,* No. 2:05-CV-0271, 2009 U.S. Dist. LEXIS 127721 (N.D. Tex. Jan. 6, 2009).

31, 2003, pet. ref'd). In 2005, Gutierrez filed an application for writ of habeas corpus challenging his conviction and sentence. This application was denied. *Ex parte Gutierrez,* App. No. 38,985-02. In November 2013, Gutierrez filed with the 242nd District Court a subsequent writ of habeas corpus pursuant to article 11.07 of the Code of Criminal Procedure.[3] The writ was forwarded to the Court of Criminal Appeals and dismissed without a written order. *Ex parte Gutierrez,* App. No. 38,985-06. Gutierrez now claims that this dismissal leaves him no adequate remedy at law, making mandamus relief appropriate.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Tel. Co.,* 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *In re Braswell,* 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding). To be entitled to mandamus relief in a criminal case, a relator must establish that: (1) he has no other adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). An act is ministerial if it does not involve the exercise of any discretion and the relator has a clear right to relief. *State ex rel. Hill,* 34 S.W.3d at 927; *In re Daisy,* 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). The relief sought must be clear and indisputable, such that its merits are beyond dispute. *See State ex rel. Hill,* 34 S.W.3d at 927-28; *Daisy,* 156 S.W.3d at 924.

---

[3] Tex. Code Crim. Proc. Ann. art. 11.07 (West 2013).

Gutierrez contends his 50-year sentence was illegal because the sentence he could receive in his second trial was "capped" at ten years, the sentence to which the parties agreed at the time of his original guilty plea and that which he received after his probation was revoked. He cites us no authority for his contention the sentence he received at the revocation proceeding had the effect of capping any later sentence on retrial, and we see no merit in the contention. As we noted in our 2000 opinion, when Gutierrez was successful in causing his 1992 conviction to be overturned, the parties were returned to their original positions, prior to the original plea bargain. 2000 Tex. App. LEXIS 8429 at *7; *see Godsey v. State,* 989 S.W.2d 482, 494-95 (Tex. App.— Waco 1999, pet. ref'd). His petition for mandamus does not establish he received an illegal sentence after his second trial.

Gutierrez also contends in his mandamus petition that, at his second trial, the court erred by submitting to the jury an incorrect parole instruction. According to his petition, the charge told the jury he would be eligible for parole after serving one half of his sentence. Gutierrez contends a correct instruction would have said he would be eligible after serving a fourth of the assessed sentence. He asserts the erroneous language in the jury charge now is causing the parole board to calculate incorrectly his eligibility for parole. It is Gutierrez's burden to show he is entitled to mandamus relief. *In re Davidson,* 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding). While a claim of a void judgment may be raised by way of a petition for writ of mandamus, *see In re Hamel,* 180 S.W.3d 226 (Tex. App.—San Antonio 2005, original

4

proceeding);[4] a jury charge error such as that raised by Gutierrez would not render the trial court's judgment void. *See Ex parte Tuan Van Truong*, 770 S.W.2d 810, 813 (Tex. Crim. App. 1989). Gutierrez has not demonstrated entitlement to mandamus relief through his assertion of charge error at his second trial.[5]

Gutierrez also argues *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), supports his complaint the harsher sentence he received on retrial was improper. On due process grounds, the Court there held that to assure the absence of any sense of vindictiveness, when a judge imposes a more severe sentence on a defendant after a new trial, the reasons for doing so must affirmatively appear on the record and must be based on objective information made a part of the record. *Id.* at 726. Drawing from that holding, Gutierrez asserts the trial court acted out of vindictiveness when it submitted the incorrect parole instruction to the jury on his second trial. Assuming, without deciding, that proof of such a circumstance could support a claim for the extraordinary relief of mandamus, the mandamus record submitted here contains not the slightest proof of any vindictiveness toward Gutierrez on his second trial.[6] We reiterate it is the relator's burden to provide a record supporting

---

[4] *See also In re Sensitive Care, Inc.,* 28 S.W.3d 35, 41 (Tex. App.—Fort Worth 2000, original proceeding) ("[m]andamus is the proper method by which to attack a void judgment").

[5] And we note Gutierrez has not included in his appendix proof that the parole board is being misled in its calculation of his eligibility by the language in the jury charge. *See* Tex. R. App. P. 52.3(k) (appendix must contain certified or sworn copy of any order or other document showing the matter complained of).

[6] We also must point out that the error Gutierrez sees in the parole instruction, the merits of which we need not examine, is the opposite of the instruction a vindictive court would submit. A vindictive court, trying to encourage a long sentence, would tell the jury the defendant would be eligible for parole sooner, not later. Applied here, a

5

the issuance of mandamus. *In re Davison,* 153 S.W.3d at 491. Gutierrez received a 50-year sentence from a jury after a not-guilty plea and jury trial. His original ten-year sentence was assessed pursuant to a plea bargain and a guilty plea, followed by revocation of probation. His mandamus petition gives no persuasive reason for the application of the "*Pearce* presumption of vindictiveness" to his case. *See Wasman v. United States,* 468 U.S. 559, 566, 104 S. Ct. 3217, 82 L. Ed. 2d 424 (1984) (discussing circumstances warranting application of remedy required by *Pearce*).

Accordingly, we deny Gutierrez's petition for writ of mandamus.[7]

James T. Campbell
Justice

---

vindictive court would have told the jury Gutierrez could be paroled after one-fourth of the sentence the jury awarded, not the one-half the sentence that the instruction here apparently stated.

[7] On April 15, 2014, after his petition for mandamus had been submitted to the panel of this Court, Gutierrez filed a letter advising he would be able to pay the filing fee. We perceive that Gutierrez filed the letter out of concern that we would find the affidavit of previous filings he recently filed pursuant to chapter 14 of the Texas Civil Practice & Remedies Code to be inadequate. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West 2012). Because we have addressed the merits of his mandamus petition, we need not act on Gutierrez's request to modify his claim of indigence. It is dismissed as moot.

6