

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00555-CR

**IN RE** Aaron **POUCH**, Relator

Original Proceeding[1]

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: October 16, 2024

DENIED

Relator Aaron Pouch has filed a petition for writ of mandamus, complaining that the trial court failed to give him the proper jail-time credit for time he has served and failed to rule on three motions for judgment *nunc pro tunc*, which he filed in the trial court. Pouch seeks an order directing the trial court to grant him an additional 640 days of jail-time credit. We deny the petition.

A trial court's failure to award jail-time credit to a defendant may be corrected by a *nunc pro tunc* order. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004); *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). Further, if a defendant files a motion for judgment *nunc pro tunc* and the trial court denies the motion or fails to respond, "relief may be sought by filing an application for writ of mandamus in a court of appeals." *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010).

---

[1]This proceeding arises out of Cause No. B19843, styled *The State of Texas v. Aaron Pouch*, in the 198th Judicial District Court, Kerr County, Texas, the Honorable Rex Emerson presiding.

To be entitled to mandamus relief, the relator must provide a record that is sufficient to establish (1) "that he has no adequate remedy at law to redress his alleged harm," and (2) "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007); *see* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a); *In re Pitts*, No. 04-06-00269-CV, 2006 WL 1407452, at *1 (Tex. App.—San Antonio May 17, 2006, orig. proceeding) (mem. op.). Moreover, in the context of a mandamus petition seeking additional jail-time credit, the defendant must show that the trial court failed to award the defendant with jail-time credit in accordance with a mandatory statutory duty and that the failure to award additional jail-time credit was not the result of judicial reasoning. *See Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007); *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011).

Here, Pouch failed to provide any mandamus record, including a copy of the *nunc pro tunc* motion purportedly filed in the trial court. Consequently, Pouch failed to establish what jail-time credit, if any, he has been awarded, failed to provide any evidence showing any jail-time credit to which he may be entitled, and failed to show that any failure of the trial court to award him with jail-time credit was not the result of judicial reasoning. As a result, Pouch "has failed to provide a sufficient record for us to determine that he is indisputably entitled to the jail-time credit he seeks." *In re Zepeda*, No. 03-12-00214-CV, 2012 WL 1499603, at *2 (Tex. App.—Austin April 25, 2012, orig. proceeding) (mem. op., not designated for publication); *see In re Pitts*, No. 04-06-00269-CV, 2006 WL 1407452, at *1 (Tex. App.—San Antonio May 17, 2006, orig. proceeding) (mem. op.).

Accordingly, we deny Pouch's petition for writ of mandamus.

PER CURIAM

DO NOT PUBLISH