

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00495-CR

Jesse **SALAZAR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR9428
Honorable Frank J. Castro, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
Lori Massey Brissette, Justice
Adrian A. Spears II, Justice

Delivered and Filed: December 17, 2025

AFFIRMED

Following a plea agreement between appellant Jesse Salazar and the State, the trial court determined the evidence was sufficient to find Salazar guilty of felony family assault, second offense, but deferred its finding of guilt and placed Salazar on deferred adjudication community supervision for two years. The State subsequently filed a motion to revoke alleging Salazar violated several conditions of his community supervision. The trial court conducted a hearing on the State's motion, and Salazar pled true to violating a condition of his community supervision.

The trial court revoked Salazar's community supervision, adjudicated Salazar guilty of felony family assault, and sentenced Salazar to ten years in prison. Salazar appeals.

Salazar's court-appointed appellate counsel filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). With citations to the record and legal authority, counsel's brief explains why no arguable points of error exist for review and concludes that this appeal is frivolous and without merit. *See id*. at 744–45; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders*, 386 U.S. at 744–45; *High*, 573 S.W.2d at 812–13. In compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), counsel certified that he served copies of the brief and motion to withdraw on Salazar, informed Salazar of his right to review the record and file a pro se brief, and explained to Salazar the procedure for obtaining the record. This court subsequently set a deadline for Salazar to file a pro se brief. Salazar then requested a copy of the record, which this court made several attempts to send to him while in custody. Salazar did not file an actual pro se brief but did correspond with this court and assert he did not receive proper credit for time served.[1] The State did not file a brief in response.

We have reviewed the appellate record, the *Anders* brief, and Salazar's correspondence. We conclude that there are no arguable grounds for appeal, and this appeal is wholly frivolous and

---

[1] We note a complaint regarding a trial court's failure to award jail-time credit to a defendant may be corrected by a nunc pro tunc order. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004); *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). Further, if a defendant files a motion for judgment nunc pro tunc and the trial court denies the motion or fails to respond, "relief may be sought by filing an application for writ of mandamus in a court of appeals." *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010). Nevertheless, "[a] motion for judgment nunc pro tunc or a writ of mandamus to the appellate court if such a motion is denied will provide a remedy only if the right to pre-trial jail-time credit is absolutely indisputable under the terms of [a]rticle 42.03, [s]ection 2(a)(1)" of the Texas Code of Criminal Procedure. *In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011) (orig. proceeding).

without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (noting court of appeals should not address merits of issues raised in *Anders* brief or pro se response but should only determine if the appeal is frivolous). Therefore, we affirm the trial court's final judgment adjudicating guilt and grant appellate counsel's motion to withdraw. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Salazar wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or from "the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id*. R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id*. R. 68.4.

Irene Rios, Justice