IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,310






EX PARTE BRETT WESLEY DEERINGER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM THE 284TH JUDICIAL DISTRICT COURT


OF MONTGOMERY COUNTY





 Price, J., delivered the opinion of the Court in which Keller, P.J., and Meyers,
Womack, Keasler, Hervey, Holcomb, and Cochran, JJ. joined. Johnson, J.,
concurred in the result. 


O P I N I O N



 We filed and set this post-conviction application for writ of habeas corpus, brought
pursuant to Article 11.07 of the Code of Criminal Procedure, (1) in order to address the proper
disposition of a writ application that presents substantive claims challenging the felony
judgment of conviction, and, in a separate claim, also seeks credit against his sentence for
time spent incarcerated pending trial. We have said that the latter type of claim should be
dismissed, because the applicant has another remedy by way of a motion for judgment nunc
pro tunc, which remedy he may pursue further, if necessary, by way of writ of mandamus 
to the Court of Appeals. (2) How should we dispose of this "mixed" writ application,
presenting both claims that are cognizable on the merits, and a claim that we have held is
subject to dismissal because not ordinarily cognizable on the merits?

 The applicant was convicted of felony theft and sentenced to eight years' confinement
in the penitentiary. His conviction was affirmed in an unpublished opinion on direct appeal. (3) 
He subsequently filed a post-conviction application for writ of habeas corpus raising five
grounds for relief. Four of those grounds allege various instances of ineffective assistance
of counsel under the Sixth Amendment, and are thus cognizable on their face. We have
reviewed those grounds, and find that the applicant has failed to allege facts that, even if true,
would entitle him to relief. Ordinarily we would simply deny these claims on the merits,
since this is the applicant's initial writ application. (4) However, the applicant's fifth claim
alleges that the judgment of the trial court failed to reflect credit for all of the time he spent
in jail prior to his conviction. (5) Were this the appellant's only claim, we would dismiss it,
following our holding in Ex parte Ybarra. We filed and set this cause to consider how best
to dispose of such a mixed writ application. Should we dismiss the entire writ application
under Ybarra? Or should we dispose of the claims separately, denying the substantive claims
while dismissing the jail-time credits claim? We now conclude that the proper disposition
of such a mixed writ application is to deny those claims that challenge the conviction, and
to dismiss the pre-sentence jail-time claim consistent with Ybarra.

 In Ybarra, the applicant raised only the single claim alleging that he was entitled to
additional pre-judgment jail-time credit. We declined to resolve this contention, however,
because we held that Ybarra should have pursued a remedy for this defect in the judgment
via a motion in the trial court for a judgment nunc pro tunc. We observed:

 The trial court is required to grant the Applicant pre-sentence jail time credit
when the sentence is pronounced. Tex. Code Crim. Proc. art. 42.03 § 2(a)
(West 2004). In the event the court fails to award such credit at the time the
sentence is imposed, the trial court has the authority to correct the judgment
to reflect the appropriate time credit by nunc pro tunc order and should do so. 
Tex.R.App. P. Rule 23.2. (6)



We held that before we will entertain a claim of the denial of pre-sentence jail time credit,
an applicant must first attempt to correct the omission in the judgment by way of a motion
nunc pro tunc, and that if the convicting court should decline to rule on the motion, the
applicant must seek a writ of mandamus to the appropriate court of appeals to compel the
convicting court to rule. (7)

 We think that the correct disposition for a writ application that raises both claims
challenging the conviction and a claim of denial of pre-sentence jail time credit is not to
dismiss the entire claim, as in Ybarra, but to rule on the merits of the claims that challenge
the conviction, and to dismiss the separate claim that seeks jail time credit. All that
dismissing the entire application would accomplish is to force the applicant to redraft and re-file his application sans the pre-sentence jail time credit claim, thus needlessly delaying
disposition of the merits of his claims challenging the conviction. This hardly serves the
constitutional goal "to render the remedy speedy and effectual." (8) We do not think that a
habeas applicant who has a legitimate challenge to his conviction should have to wait to
obtain relief for the time it would take him to redraft and re-file his writ application simply
because he made the mistake of including a claim of a denial of pre-sentence jail time credit
along with his legitimate challenge to the conviction in his first writ application.

 We therefore hold that when a habeas applicant files an initial post-conviction
application for writ of habeas corpus raising both claims challenging the conviction and a
claim of the denial of pre-sentence jail-time credit, we will dispose of the claims challenging
the conviction on the merits, either granting or denying relief as appropriate, and then dismiss
the jail-time credit claim unless that claim is rendered moot by a disposition granting relief
on the merits of a claim challenging the conviction.

 Accordingly, we deny the applicant's claims challenging the conviction, and dismiss
his claim that he has been denied pre-sentence jail time credit. The applicant is free to seek
his remedy by way of a motion nunc pro tunc in the convicting court, in keeping with Ybarra.

Delivered: December 20, 2006

Publish
1. Tex. Code Crim. Proc. art. 11.07.
2. Ex parte Ybarra, 149 S.W.3d 147 (Tex. Crim. App. 2004).
3. 

 Deeringer v. State, No. 09-04-068-CR (Tex. App.-- Beaumont, delivered October 20, 2004,
no pet.)
4. The applicant has actually filed a previous writ application raising these same claims, but
because his direct appeal was pending at that time, we dismissed it. Because that dismissal did not
count as a "final disposition" for purposes of Article 11.07, § 4(a) of the Code of Criminal
Procedure, under Ex parte Torres, 943 S.W.2d 469, at 474 (Tex. Crim. App. 1997), there is no
statutory abuse-of-the-writ impediment to the applicant re-raising his claims in the present writ
application, which we treat as an "initial" writ.
5. The date of the judgment is December 16, 2003. The applicant alleges that he was arrested
on March 7, 2003, and has remained incarcerated ever since, but that the judgment fails to credit him
with time he spent in jail from April 10, 2003, until May 28, 2003, and then again from July 3, 2003,
to July 11, 2003. And indeed, the judgment reflects that the applicant has only been credited with
194 days of jail time, when in fact the period of March 3, 2003, until December 16, covers 284 days. 
Thus, the applicant may well have been deprived of credit for 91 days, just as he alleges.
6. 149 S.W.3d at 148.
7. In a footnote in Ybarra, we observed that "[i]f Applicant has been incarcerated past his
presumptive discharge date, this is no longer a time credit claim but an illegal confinement claim." 
Even after Ybarra, we have continued to recognize such claims under Article 11.07, regardless of
whether the applicant has sought a judgment nunc pro tunc from the trial court. Thus, when an
inmate alleges that he is being held past his maximum discharge date because the trial court failed
to grant him the correct amount of pre-sentence jail time credit or that but for the trial court's failure
to grant him the correct amount of pre-sentence jail time credit, he would have discharged his
sentence, such a claim is cognizable in an 11.07 application because the inmate is challenging the
legality of his confinement.
8. Tex. Const. art. I, § 12. See also Tex. Code Crim. Pro. art. 11.04 ("Every provision
relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the
remedy, and protect the rights of the person seeking relief under it.")