**Opinion filed February 17, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00007-CR

_____

## IN RE CODY D. BAILEY

### Original Mandamus Proceeding

### M E M O R A N D U M   O P I N I O N

Relator, Cody D. Bailey, has filed a petition for writ of mandamus pertaining to a motion for judgment nunc pro tunc he filed in the trial court seeking credit for time served prior to sentencing. Respondent is Hon. John Weeks, Judge of the 42nd District Court.

Relator asserts in the petition that he was adjudged guilty of burglary of a habitation on July 28, 2006, by the 42nd District Court in Cause No. 5996 and sentenced to a term of confinement in the Institutional Division of the Texas Department of Criminal Justice for four years. He further asserts that the trial court's judgment and sentence did not award him any credit for time served prior to sentencing. On September 21, 2007, relator filed a motion for judgment nunc pro tunc seeking credit for the time that he alleges he was incarcerated for the offense prior to sentencing.[1] He alleges in his petition that the trial court has refused to rule on his motion for judgment nunc pro tunc.

---

[1]Relator alleges that he was incarcerated for the offense during the following periods: (1) from June 17, 1999, until June 20, 1999; (2) on August 16, 2000; (3) from June 18, 2002, until June 19, 2002; and (4) from June 1, 2006, until July 28, 2006.

Relator presents two contentions in his petition. He initially asserts that the trial court had a ministerial duty to rule on his motion for judgment nunc pro tunc. He additionally contends that the trial court had a ministerial duty to grant his motion for judgment nunc pro tunc. He seeks an order from this court directing respondent to reform his judgment and sentence to include the time credit sought in his motion for judgment nunc pro tunc. We conditionally grant relator's request for mandamus relief in part.

Mandamus relief may be granted in a criminal proceeding if the relator shows that (1) the act sought to be compelled is purely ministerial and (2) there is no adequate remedy at law to redress his alleged harm. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (citing *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004)). The trial court is required to grant the defendant presentence jail time credit when the sentence is pronounced. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (Vernon Supp. 2010); *Ex parte Deeringer*, 210 S.W.3d 616, 617 (Tex. Crim. App. 2006). In the event the trial court fails to award such credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc order and should do so. TEX. R. APP. P. 23.2; *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). "Because the trial court is required to award credit for presentence time served, the judge's failure to do so violates a ministerial duty." *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding).

Prior to addressing the merits of relator's petition, we will address the State's contention that his request is moot for being untimely filed. The State contends that relator should have already completed his sentence because he received a four-year sentence more than four years ago. However, an online check of the Texas Department of Criminal Justice's Offender Information Detail reveals that relator remains incarcerated for the offense and that his "Projected Release Date" is October 11, 2011.[2] Accordingly, we disagree with the State's contention that relator's requested relief is moot.

Other than a handwritten notation of "the judge refused to sign" by an unknown author on a proposed order submitted by relator, the record is silent on what action, if any, the trial court

---

[2]The Offender Information Detail report defines "Projected Release Date" as "the date, which is determined by the TDCJ Institutional Division Records Office, that an offender is projected to be released from incarceration if not released on parole sooner."

took on the motion for judgment nunc pro tunc. When a trial court does not respond to a motion for a nunc pro tunc judgment alleging a failure to grant presentence jail time credit, we may grant a writ of mandamus requiring the trial court to rule on the motion. *Ybarra*, 149 S.W.3d at 148. In addition to seeking an order requiring respondent to rule on the motion for judgment nunc pro tunc, however, relator also requests that we order respondent to grant the motion. We decline to order respondent to enter a nunc pro tunc order giving relator the presentence credit he seeks prior to the trial court ruling on the motion. Relator's request for presentence credit would be rendered moot if the trial court grants the motion for judgment nunc pro tunc.

Accordingly, we conditionally grant relator's petition for writ of mandamus in part. We order respondent, Hon. John Weeks, Judge of the 42nd District Court, to enter a written ruling on relator's motion for judgment nunc pro tunc. We further order respondent to file in this court a certified copy of his written ruling within thirty days of the date of this opinion. Should respondent fail to do so, the writ will issue.

PER CURIAM

February 17, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.