Opinion filed February 17,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00007-CR

                                                    __________

 

                                         IN
RE CODY D. BAILEY



 

                                         Original
Mandamus Proceeding

 



 

                                            M
E M O R A N D U M    O P I N I O N

            Relator,
Cody D. Bailey, has filed a petition for writ of mandamus pertaining to a
motion for judgment nunc pro tunc he filed in the trial court seeking credit
for time served prior to sentencing.  Respondent is Hon. John Weeks, Judge of
the 42nd District Court. 

            Relator
asserts in the petition that he was adjudged guilty of burglary of a habitation
on July 28, 2006, by the 42nd District Court in Cause No. 5996 and sentenced to
a term of confinement in the Institutional Division of the Texas Department of Criminal
Justice for four years.  He further asserts that the trial court’s judgment and
sentence did not award him any credit for time served prior to sentencing.  On
September 21, 2007, relator filed a motion for judgment nunc pro tunc seeking
credit for the time that he alleges he was incarcerated for the offense prior
to sentencing.[1] 
He alleges in his petition that the trial court has refused to rule on his
motion for judgment nunc pro tunc.

            Relator
presents two contentions in his petition.  He initially asserts that the trial
court had a ministerial duty to rule on his motion for judgment nunc pro tunc. 
He additionally contends that the trial court had a ministerial duty to grant
his motion for judgment nunc pro tunc.  He seeks an order from this court
directing respondent to reform his judgment and sentence to include the time
credit sought in his motion for judgment nunc pro tunc.  We conditionally grant
relator’s request for mandamus relief in part.

Mandamus relief may be granted in a criminal proceeding if the relator shows that (1)
the act sought to be compelled is purely ministerial and (2) there is no
adequate remedy at law to redress his alleged harm. State ex rel. Young v.
Sixth Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210
(Tex. Crim. App. 2007) (citing De Leon v. Aguilar, 127 S.W.3d 1, 5 (Tex.
Crim. App. 2004)).  The trial court is required to grant the defendant
presentence jail time credit when the sentence is pronounced.  Tex. Code Crim. Proc. Ann. art. 42.03,
§ 2(a) (Vernon Supp. 2010); Ex parte Deeringer, 210 S.W.3d 616, 617
(Tex. Crim. App. 2006).  In the event the trial court fails to award such
credit at the time the sentence is imposed, the trial court has the authority
to correct the judgment to reflect the appropriate time credit by nunc pro tunc
order and should do so.  Tex. R. App. P.
23.2; Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).  “Because
the trial court is required to award credit for presentence time served, the
judge’s failure to do so violates a ministerial duty.”  In re Daisy, 156
S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding).  

Prior
to addressing the merits of relator’s petition, we will address the State’s
contention that his request is moot for being untimely filed.  The State
contends that relator should have already completed his sentence because he
received a four-year sentence more than four years ago.  However, an online
check of the Texas Department of Criminal Justice’s Offender Information Detail
reveals that relator remains incarcerated for the offense and that his “Projected
Release Date” is October 11, 2011.[2] 
Accordingly, we disagree with the State’s contention that relator’s requested
relief is moot.

Other than a handwritten notation of “the judge refused to sign” by
an unknown author on a proposed order submitted by relator, the record is silent on what action, if any, the trial court took on the motion for
judgment nunc pro tunc.  When a trial court does not respond to a motion for a
nunc pro tunc judgment alleging a failure to grant presentence jail time
credit, we may grant a writ of mandamus requiring the trial court to rule on
the motion. Ybarra, 149 S.W.3d at 148.  In addition to seeking an order
requiring respondent to rule on the motion for judgment nunc pro tunc, however,
relator also requests that we order respondent to grant the motion.  We decline
to order respondent to enter a nunc pro tunc order giving relator the
presentence credit he seeks prior to the trial court ruling on the motion.  Relator’s
request for presentence credit would be rendered moot if the trial court grants
the motion for judgment nunc pro tunc. 

Accordingly,
we conditionally grant relator’s petition for writ of mandamus in part.  We
order respondent, Hon. John Weeks, Judge of the 42nd District Court, to enter a
written ruling on relator’s motion for judgment nunc pro tunc.  We further
order respondent to file in this court a certified copy of his written ruling
within thirty days of the date of this opinion.  Should respondent fail to do
so, the writ will issue.  

 

                                                                                                PER
CURIAM

 

February 17,
2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Relator alleges that he was incarcerated for the
offense during the following periods:  (1) from June 17, 1999, until June 
20, 1999; (2) on  August 16, 2000; (3) from June 18, 2002, until June 19, 2002;
and (4) from June 1, 2006, until July 28, 2006.





                [2]The Offender Information Detail report defines
“Projected Release Date” as “the date, which is determined by the TDCJ
Institutional Division Records Office, that an offender is projected to be
released from incarceration if not released on parole sooner.”