

# NUMBER 13-11-00519-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN RE JOE HILL

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Garza

Relator, Joe Hill, has filed a pro se petition for writ of mandamus with this Court regarding his "Motion to Correct Pre Sentence Time Credit Nunc Pro Tunc" filed with the trial court on April 21, 2011. On August 8, 2011, we ordered the real party in interest, the State of Texas by and through the Criminal District Attorney in and for Nueces County, Texas, to file any response to relator's petition on or before Friday, August 19, 2011. The State has not filed a response. We conditionally grant the petition in part.

In his petition, Hill argues that respondent, the Honorable Nelva Gonzales Ramos, former presiding judge of the 347th Judicial District Court, abused her

discretion by (1) failing to rule on his nunc pro tunc motion, and (2) failing to grant his nunc pro tunc motion. In his nunc pro tunc motion, Hill asserted that: (1) he was previously convicted and sentenced to fifteen years' imprisonment for burglary of a building in San Patricio County; (2) in the instant Nueces County case, he was convicted of aggravated assault and sentenced to fifteen years' imprisonment, with the sentence to run concurrently with the sentenced imposed in the San Patricio County case; (3) he was first incarcerated on April 14, 2005 in San Patricio County and was transferred to the Nueces County Jail on September 30, 2005; (4) respondent's judgment in the instant case, dated December 1, 2005, credited Hill with 42 days served; (5) the judgment should have credited Hill with 231 days served, representing the time between the offense date, April 14, 2005, and the date of judgment, December 1, 2005. Hill asserts in his petition that he filed his nunc pro tunc motion on April 21, 2011, and that the trial court has not ruled on the motion.

Mandamus relief may be granted in a criminal proceeding if the relator shows that (1) the act sought to be compelled is purely ministerial and (2) there is no adequate remedy at law to redress his alleged harm. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (citing *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004)). The trial court is required to grant the defendant presentence jail time credit when the sentence is pronounced. Tex. CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (Vernon Supp. 2010); *Ex parte Deeringer*, 210 S.W.3d 616, 617 (Tex. Crim. App. 2006). In the event the trial court fails to award such credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc order and should do so.

TEX. R. APP. P. 23.2; *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). "Because the trial court is required to award credit for presentence time served, the judge's failure to do so violates a ministerial duty." *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding).

The record is silent as to what action, if any, the trial court took on Hill's motion for judgment nunc pro tunc. When a trial court does not respond to a motion for a nunc pro tunc judgment alleging a failure to grant presentence jail time credit, we may grant a writ of mandamus requiring the trial court to rule on the motion. *Ybarra*, 149 S.W.3d at 148; *see In re Bailey*, No. 11-11-00007-CR, 2011 Tex. App. LEXIS 1180, at *2-3 (Tex. App. Eastland Feb. 17, 2011, orig. proceeding) (mem. op., not designated for publication). Hill requests that we order the trial court to grant the motion. We decline to do so. Relator's request for presentence credit would be rendered moot if the trial court grants the motion for judgment nunc pro tunc. *See In re Bailey*, 2011 Tex. App. LEXIS 1180, at *2-3.

Accordingly, we conditionally grant Hill's petition for writ of mandamus in part and direct the Presiding Judge of the 347th Judicial District Court to enter a written ruling on relator's motion for judgment nunc pro tunc. The writ will issue only if the trial court fails to comply. The petition is denied in all other respects.

DORI CONTRERAS GARZA
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
24th day of August, 2011.

3