NUMBER 13-11-00519-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

IN RE JOE HILL

                                                                                                                             

 

On Petition for Writ
of Mandamus.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Justice Garza

 

            Relator, Joe Hill, has
filed a pro se petition for writ of mandamus with this Court regarding his
“Motion to Correct Pre Sentence Time Credit Nunc Pro Tunc” filed with the trial
court on April 21, 2011.   On August 8, 2011, we ordered the real party in
interest, the State of Texas by and through the Criminal District Attorney in
and for Nueces County, Texas, to file any response to relator’s petition on or
before Friday, August 19, 2011.  The State has not filed a response.  We conditionally
grant the petition in part.

            In his petition, Hill
argues that respondent, the Honorable Nelva Gonzales Ramos, former presiding
judge of the 347th Judicial District Court, abused her discretion by (1) failing
to rule on his nunc pro tunc motion, and (2) failing to grant his nunc pro tunc
motion.  In his nunc pro tunc motion, Hill asserted that:  (1) he was
previously convicted and sentenced to fifteen years’ imprisonment for burglary
of a building in San Patricio County; (2) in the instant Nueces County case, he
was convicted of aggravated assault and sentenced to fifteen years’
imprisonment, with the sentence to run concurrently with the sentenced imposed
in the San Patricio County case; (3) he was first incarcerated on April 14,
2005 in San Patricio County and was transferred to the Nueces County Jail on
September 30, 2005; (4) respondent’s judgment in the instant case, dated
December 1, 2005, credited Hill with 42 days served; (5) the judgment should have
credited Hill with 231 days served, representing the time between the offense
date, April 14, 2005, and the date of judgment, December 1, 2005.  Hill asserts
in his petition that he filed his nunc pro tunc motion on April 21, 2011, and
that the trial court has not ruled on the motion.

Mandamus relief may be granted in a
criminal proceeding if the relator shows that (1) the act sought to be
compelled is purely ministerial and (2) there is no adequate remedy at law to
redress his alleged harm.  State ex rel. Young v. Sixth Judicial Dist. Court
of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (citing
De Leon v. Aguilar, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004)).  The trial
court is required to grant the defendant presentence jail time credit when the
sentence is pronounced.  Tex. Code Crim.
Proc. Ann. art. 42.03, § 2(a) (Vernon Supp. 2010); Ex parte Deeringer,
210 S.W.3d 616, 617 (Tex. Crim. App. 2006).  In the event the trial court fails
to award such credit at the time the sentence is imposed, the trial court has
the authority to correct the judgment to reflect the appropriate time credit by
nunc pro tunc order and should do so.  Tex.
R. App. P. 23.2; Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex. Crim.
App. 2004).  “Because the trial court is required to award credit for
presentence time served, the judge’s failure to do so violates a ministerial
duty.”  In re Daisy, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding).

The record is silent as to what
action, if any, the trial court took on Hill’s motion for judgment nunc pro
tunc.  When a trial court does not respond to a motion for a nunc pro tunc
judgment alleging a failure to grant presentence jail time credit, we may grant
a writ of mandamus requiring the trial court to rule on the motion.  Ybarra,
149 S.W.3d at 148; see In re Bailey, No. 11-11-00007-CR, 2011 Tex. App.
LEXIS 1180, at *2-3 (Tex. App. Eastland Feb. 17, 2011, orig. proceeding) (mem.
op., not designated for publication).  Hill requests that we order the trial
court to grant the motion.  We decline to do so.  Relator’s request for
presentence credit would be rendered moot if the trial court grants the motion
for judgment nunc pro tunc.  See In re Bailey, 2011 Tex. App. LEXIS 1180,
at *2-3.

Accordingly, we conditionally grant Hill’s
petition for writ of mandamus in part and direct the Presiding Judge of the 347th
Judicial District Court to enter a written ruling on relator’s motion for
judgment nunc pro tunc.  The writ will issue only if the trial court fails to
comply.  The petition is denied in all other respects.

 

DORI CONTRERAS GARZA

Justice

 

Do
Not Publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

24th
day of August, 2011.