IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,227-02





 

EX PARTE MYRON KEITH BROWN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0753889-M IN THE 194TH DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful
possession of a firearm by a felon and sentenced to three years' imprisonment.

 In this application, Applicant raises grounds alleging that he is entitled to pre-sentence jail
time credits for time spent in a drug treatment program. The trial court agreed and recommended
crediting Applicant's sentence with 274 days. 

 This Court has decided that the appropriate remedy for claims relating to pre-sentence jail
time credits "is to require Applicant to present the issue to the trial court by way of a nunc pro tunc
motion." Ex parte Ybarra, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004). "If the trial court denies
the motion for judgment nunc pro tunc or fails to respond, relief may be sought by filing an
application for writ of mandamus in a court of appeals." Ex parte Florence, 319 S.W.3d 695, 696
(Tex. Crim. App. 2010). 

 Applicant's habeas corpus application raising claims for pre-sentence jail time credit is
dismissed pursuant to Ex Parte Ybarra, 149 S.W.3d 147 (Tex. Crim. App. 2004). Ex parte
Deeringer, 210 S.W.3d 616, 618 (Tex. Crim. App. 2006).

Filed: January 11, 2012

Do Not Publish