

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00171-CR
_____

IN RE: OTIS LEE ROGERS

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Relator Otis Lee Rogers has filed a petition for writ of mandamus asking this Court to order the 196th Judicial District Court in Hunt County to enter a judgment nunc pro tunc awarding him time credit claimed on his sentence, as reflected in the trial court's judgment of March 14, 2011. We deny the petition.

I.      **Background**

Rogers was arrested in Hunt Count on November 10, 2006, for possession of marihuana in an amount of fifty pounds or less but more than five pounds. Following his arrest, Rogers was confined in the Hunt County jail from November 10 to November 12, 2006. In May 2007, Rogers pled guilty to the subject offense; adjudication of guilt was deferred, and he was sentenced to eight years' deferred-adjudication community supervision in cause number 24,255 in the 196th Judicial District Court of Hunt County. In May 2008, Rogers was arrested in Dallas County and was confined in the Dallas County jail from September 27, 2008, until June 5, 2009.[1] Rogers was confined in the Hunt County jail from June 5, 2009, until July 10, 2009. In June 2009, the Hunt County District Attorney filed an amended motion to revoke deferred adjudication and community supervision.[2] The following month, the trial court entered an order dismissing the motion to revoke, extending the term of Rogers' community supervision by two years, and ordering Rogers to complete the Dallas County Judicial Treatment Center Program.

---

[1]Rogers was taken into custody in Dallas on September 26, 2008. On September 27, 2008, Hunt County authorities placed a hold on Rogers relative to cause number 24,255.

[2]Almost one year earlier, in July 2008, the Hunt County District Attorney filed a motion to revoke deferred adjudication community supervision and for final adjudication.

2

In August 2010, the Hunt County District Attorney filed a second motion to revoke community supervision and for final adjudication. Thereafter, Rogers was confined in the Texas Department of Criminal Justice–Institutional Division (TDCJ) from September 29, 2010, to January 26, 2011, when he was bench warranted to Hunt County. He remained in the Hunt County Jail from January 26, 2011, until March 14, 2011, at which time a judgment adjudicating guilt was entered and a sentence of seven years' imprisonment was imposed with 210 days credited to the sentence.

Rogers contends that he failed to receive his full time credit of 450 days in custody.[3] Accordingly, Rogers[4] filed a motion for judgment nunc pro tunc, requesting the trial court to revise the judgment to reflect additional time credits, in accordance with Article 42.03 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2012).[5] The trial court entered an order nunc pro tunc denying credit for jail time.

---

[3]From the incarceration dates listed below, the total time Rogers spent in custody in cause number 24,255, as reflected in the exhibits to his petition, is:

11/10/06 to 11/12/06
09/27/08 to 06/05/09
06/05/09 to 07/10/09
09/29/10 to 01/26/11
01/26/11 to 03/14/11

Total = 454

[4]Rogers was represented in the trial court and on appeal by State Counsel for Offenders.

[5]Article 42.03, Section 2(a)(1) states:

In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent:

## II.    Analysis—Mandamus Denied

Mandamus is an extraordinary remedy.  *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding).  In order to establish that he is entitled to mandamus relief, Rogers must show that:  (1) there is no adequate remedy at law to redress the alleged harm; and (2) only a ministerial act, not a discretionary or judicial decision, is being sought.  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Due to the nature of this remedy, it is Rogers' burden to properly request and show entitlement to the mandamus relief.  *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam).

"[T]he trial court has the authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc order and should do so."  *Ex Parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (orig. proceeding).  As explained in *Ybarra*,

> The trial court is required to grant the Applicant pre-sentence jail time credit when sentence is pronounced.  TEX. CODE CRIM. PROC. art. 42.03, § 2(a) (West 2004).  In the event the court fails to award such credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc order and should do so.  TEX. R. APP. P. Rule 23.2.

*Id.*  If a party moves for a nunc pro tunc order and the convicting court fails to rule on, or inappropriately denies the motion, "the applicant must seek a writ of mandamus to the

---

(1)  in jail for the case, including confinement served as described by Article 46B.009 and excluding confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court.

TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1).

appropriate court of appeals to compel the convicting court to rule." *Ex parte Deeringer*, 210 S.W.3d 616, 617–18 (Tex. Crim. App. 2006) (orig. proceeding). *Brown* states:

> Whenever a defendant can show indisputably that he has been denied jail-time credit for a period of pretrial incarceration for the identical 'case' for which he was convicted and sentenced, he is entitled to relief from the convicting court in the form of a judgment nunc pro tunc and, failing that, by writ of mandamus in the court of appeals.

*In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (orig. proceeding) (per curiam). Here, Rogers appropriately filed a motion for judgment nunc pro tunc,[6] which was denied by the trial court. Because there is no adequate remedy at law to address the alleged harm,[7] Rogers is permitted to seek recourse by petitioning for issuance of a writ of mandamus.

In response to Rogers' petition, the State maintains that the 210-day time credit reflected in the judgment was the result of a negotiated plea agreement between the State and Rogers and, thus, is the entirety of the credit to which Rogers is entitled. The State relies on *Collins* in support of its position. In that case, in exchange for a guilty plea to a lesser offense, Collins agreed, among other things, to accept thirty-four days of back time credit. This specific credit was included in the State's recommendation to the court, and the court reiterated the thirty-four days of back time credit when sentence was pronounced. Additionally, the agreed plea recommendations and admonishments signed by Collins provided for thirty-four days of back

---

[6]A trial court may enter a judgment nunc pro tunc to correct a clerical error in the judgment. Clerical errors are errors that were not the result of judicial reasoning. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) (orig. proceeding).

[7]*Derringer* reasons that an application for writ of habeas corpus would be available for an inmate contesting time credit issues "when an inmate alleges that he is being held past his maximum discharge date because the trial court failed to grant him the correct amount of pre-sentence jail time credit *or* that but for the trial court's failure to grant him the correct amount of pre-sentence jail time credit, he would have discharged his sentence . . . ." *Derringer*, 210 S.W.3d at 618, n.7.

time credit. *Id.* at 927. Prior to the court's acceptance of the plea, Collins was informed of the conditions of the negotiated plea agreement, and acknowledged that he knew his rights and the conditions—read to him in open court—conformed to his understanding of the agreement. *Id.* at 926.

After expiration of the trial court's plenary power, Collins filed an application for writ of habeas corpus or motion for judgment nunc pro tunc. The trial court issued judgment nunc pro tunc, granting Collins 271 additional days of back time credit. The court of appeals determined the trial court did not have jurisdiction to render judgment nunc pro tunc because there was a negotiated plea agreement between the parties. Finding no clerical error in the original judgment, the court vacated the modified judgment and reinstated the original judgment. *Id.* at 927.

> The Texas Court of Criminal Appeals affirmed, finding no clerical error to be corrected:
>
> The written judgment perfectly matches the judgment pronounced in court. The judge exercised judicial reasoning when he chose to accept the recommendation of the State and allow the terms of the plea bargain to control, and he entered judgment in accordance with these terms. Therefore, a judgment nunc pro tunc is not the proper remedy for the failure to award additional back-time in this circumstance.

*Id.* at 928. If, however, "the amount of pre-sentence jail-time was not a negotiated term of a plea bargain, the statute would apply and the defendant would be entitled to all statutory back-time. By accepting the plea bargain with 34 days of credit, [Collins] waived his statutory right to the time served in another jurisdiction." *Id.* at 929.

6

The question before this Court, then, is whether Rogers entered into a negotiated plea agreement, which included the amount of presentence jail time as a negotiated term. In making this determination, we must examine the written judgment and compare it to the judgment pronounced in court. If the "written judgment perfectly matches the judgment pronounced in court," then there is no clerical error to be corrected.

The State indicates that the agreed credit was included on the face of the judgment and on the docket sheet. The judgment adjudicating guilt lists punishment of seven years, with 210 days of time credited. There is no indication in the judgment, however, that this truncated time credit was the result of a negotiated plea agreement. The docket sheet merely reflects a time credit of 210 days, and, like the judgment, does not indicate that such credit was the result of a negotiated plea agreement.

The reporter's record of the sentencing hearing, however, reflects Rogers' agreement to the 210-day time credit. At the hearing, Rogers agreed to the State's offer of seven years in the TDCJ, subject to working out back time credit. The trial court advised Rogers that

> if you come to me for disposition, . . . I can give you anywhere up to ten years in TDC. But by law, I am required to give you every day that you're titled [sic] to. So if you want to agree to less than ten years, if you want to talk with the State to see if you have an agreement on the number of back days credit?

After having indicated a desire to work out an agreement with the State on time credit, Rogers and the State reached an agreement. Following a break in the proceedings, Rogers indicated that he was willing to receive 210 days time credit and that he was satisfied with that number. The trial court stated that the sentence is "7 years in TDC with credit for 210 days. Having

7

announced my judgment in this case, is that what you expect me to do?" Rogers answered in the affirmative.

The sentence pronounced in open court was for seven years in the TDCJ with a credit for 210 days. This is the sentence reflected in the written judgment.

Due to the negotiated plea agreement Rogers entered into with the State, the 210-day time credit is the entirety of the credit to which he is entitled. There is thus no clerical error in the written judgment, which matches the judgment pronounced in open court. Rogers has failed to prove entitlement to entry of a judgment nunc pro tunc.

Accordingly, we deny Rogers' petition for writ of mandamus.


Jack Carter
Justice


Date Submitted:     November 12, 2012
Date Decided:       November 13, 2012

Do Not Publish