

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,363-03

### EX PARTE NORBERTO AHUMADA LUCIO, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 09-CR-2611
### IN THE 357TH DISTRICT COURT FROM CAMERON COUNTY

**RICHARDSON, J., filed a concurring statement.**

### CONCURRING STATEMENT

There is no dispute that Applicant is entitled to relief in the form of a corrected *nunc pro tunc* judgment. Over a year ago the trial court acknowledged that it was going to correct the clerical error in Applicant's judgment to reflect one conviction for third degree felony theft. We have again issued an order to the trial court to provide this Court with a corrected *nunc pro tunc* judgment and to provide a copy to the Texas Department of Criminal Justice – Correctional Institutions Division.

Matters which may be raised and resolved by *nunc pro tunc* proceedings should not be considered by way of writ of habeas corpus. *Ex parte Ybarra,* 149 S.W.3d 147- 148 (Tex.

Crim. App. 2004); *Ex parte Pena,* 71 S.W.3d 336, 336-37 (Tex. Crim. App. 2002). Applicant's clear right to relief in this case must be achieved through the trial court's issuance of a third *nunc pro tunc* judgment. However, I feel compelled to provide some guidance to the Applicant should the trial court continue to ignore requests for a corrected *nunc pro tunc* judgment. If the convicting court fails to issue a corrected *nunc pro tunc* judgment, the Applicant is entitled to seek a writ of mandamus to the appropriate court of appeals to compel the convicting court to rule. *Ex parte Deeringer,* 210 S.W.3d 616, 617-18 (Tex. Crim. App. 2006).

FILED: March 18, 2015

DO NOT PUBLISH