

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,412-01

**EX PARTE EZEKIEL ACEVEDO, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2012-DCR-01628-C IN THE 197TH DISTRICT COURT
### FROM CAMERON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of controlled substance with intent to deliver and sentenced to five years' imprisonment.

Applicant contends, among other things, that he is being denied credit for time spent in jail before trial. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

Pre-sentence jail time credit claims are not typically cognizable on habeas, but given

Applicant's claim that he is entitled to credit beginning on April 17, 2012, we construe the issue as an illegal confinement claim. *Ex parte Ybarra*, 149 S.W.3d 147 n.2 (Tex. Crim. App. 2004); *Ex parte Deeringer*, 210 S.W.3d 616, 618 n.7 (Tex. Crim. App. 2006).

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to when Applicant was held for this cause in any jurisdiction.[1] The court shall make further findings and conclusions of law as to whether Applicant was awarded the proper amount of pre-sentence jail time credit in the judgment in this case. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 30 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 60 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

---

[1] "[A] detainee is entitled to credit for time spent in jail when confined in another jurisdiction 'on said cause' if a detainer or hold has been lodged against him." *Ex parte Kuban*, 763 S.W.2d 426, 427 (Tex. Crim. App. 1989).

Filed: March 29, 2017
Do not publish