**DENY; and Opinion Filed October 19, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01205-CV

### IN RE STEVE MENDOZA, Relator

**Original Proceeding from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-15-40785-Q**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Lang-Miers

In this original proceeding, relator complains that the trial court denied his motion for judgment nunc pro tunc in which he sought jail time credits, failed to appoint him counsel to represent him in the motion, and failed to hold a hearing on the motion. We deny the petition for writ of mandamus.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If a party moves for a nunc pro tunc order seeking jail-time credits and the convicting court fails to rule on or inappropriately denies the motion, "the applicant must seek a writ of mandamus to the appropriate court of appeals to compel the convicting court to rule." *Ex parte Deeringer*, 210 S.W.3d 616, 617–18 (Tex. Crim. App. 2006) (orig. proceeding); *In re Rogers*, No. 06-12-00171-CR, 2012 WL 5493376, at *2 (Tex. App.—Texarkana Nov. 13, 2012, orig. proceeding) (mem. op.). To prevail,

however, a defendant must "show indisputably that he has been denied jail-time credit for a period of pretrial incarceration for the identical 'case' for which he was convicted and sentenced. . . ." *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (orig. proceeding) (per curiam).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

The trial court's order states the court denied the motion because the plea agreement showed that relator received the time credit before he plead to the case. Relator has not provided this Court with a certified copy of the plea agreement, his motion for judgment nunc pro tunc, or a request for hearing and appointment of counsel. Based on the record before us, we conclude relator has not shown that the trial court inappropriately denied the motion for judgment nunc pro tunc or violated any ministerial duties. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

181205F.P05