COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE MICHAEL BRAD TANNER, | § | No. 08-23-00269-CR |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |
| | § | |

## MEMORANDUM OPINION

Relator Michael Brad Tanner, proceeding pro se, filed a petition for writ of mandamus, in which he complained that the trial court had failed to rule on Tanner's motion for judgment nunc pro tunc to modify his judgment of conviction so as to reflect credit for time served while he was in the custody of the New Mexico Department of Corrections. We grant relator's motion to amend his petition to include additional authorities. For the following reasons, we deny mandamus relief.

Relator presents two contentions in his petition. First, he asserts the trial court has failed in its ministerial duty to rule on his motion for judgment nunc pro tunc, which he claims he mailed to the trial court on September 6, 2023. Second, in addressing the merits of his claim, he asserts the trial court has failed to grant all pre-sentence credit for time served. Specifically, Relator alleges he was detained in the constructive custody of the Texas Department of Criminal Justice

through a detainer while he was incarcerated in New Mexico on charges unrelated to the Texas charge. In all, he claims his sentence should be reduced by 1,649 days of pre-sentence time served.

Mandamus relief may be granted in a criminal proceeding if the relator shows (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law to redress his alleged harm. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). In the event a defendant is entitled to pre-sentence credit for time served, the trial court is required to grant the credit at the time sentence is pronounced. TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a); *Ex parte Deeringer*, 210 S.W.3d 616, 617 (Tex. Crim. App. 2006). If the trial court fails to award such credit at the time of sentencing, the trial court has the authority to correct the judgment to reflect the appropriate credits by nunc pro tunc order. TEX. R. APP. P. 23.2; *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (per curiam). "Because the trial court is required to award credit for presentence time served, the judge's failure to do so violates a ministerial duty." *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005) (orig. proceeding). Thus, mandamus relief is appropriate to compel a trial court to correct a judgment to award proper pre-sentence credit for time served if the trial court denies a motion for nunc pro tunc relief. *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010).

Here, Relator attaches a copy of a motion for judgment nunc pro tunc to his petition. However, the mandamus record is silent as to whether the motion was properly presented for ruling by the trial court and whether the court acted on the motion. Because the record is silent on presentment, we conclude Relator has not demonstrated the act sought to be compelled is purely ministerial nor that he has a clear and indisputable right to relief. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001); *Lewis v. State*, 622 S.W.3d 412, 415 (Tex. App.—Texarkana 2020, pet. ref'd) (finding a defendant was not entitled to credit

for time served when no evidence in the record indicated that defendant first sought and was denied relief in the trial court). Accordingly, we deny the amended petition for a writ of mandamus.

GINA M. PALAFOX, Justice

November 15, 2023

Before Palafox, J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)

Do Not Publish