

# NUMBER 13-23-00383-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

NOAH OBREGON,                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                   Appellee.

## ON APPEAL FROM THE 148TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Longoria**

Appellant Noah Obregon pleaded guilty to the offense of abandoning or endangering a child with criminal negligence, a state jail felony. *See* TEX. PENAL CODE ANN. § 22.041(f). Appellant was placed on deferred adjudication community supervision

for a period of two years. The State of Texas moved to revoke appellant's community supervision. At the hearing on the State's motion to revoke, appellant pleaded true to five of the allegations and not true to one allegation. The trial court accepted the pleas of true to the five allegations, found them to be true, and found the remaining allegation to be not true. Appellant's community supervision was revoked, he was adjudicated guilty in the underlying offense of abandoning or endangering a child with criminal negligence, and he was sentenced to twenty-one months in jail. Appellant's court-appointed counsel has filed an amended *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and an amended motion to withdraw with this Court, stating that her review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that she: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. In this case, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. Appellant did not file a pro se response.[1]

---

[1] We note that on April 30, 2024, appellant filed a pro se motion to withdraw his appeal so that the trial court "can resume jurisdiction" of his case to recalculate his time served. A "judge's failure to award all of the defendant's pre-sentence jail-time when he pronounced sentence c[an] be corrected by a judgment nunc pro tunc." *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) (citing *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004)). And the trial court has jurisdiction to enter a judgment nunc pro tunc at any time, including after its plenary power has expired and while an appeal is pending. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *see also Wheatley v. State*, No. 13-21-00408-CR, 2022 WL 868045, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 24, 2022, no pet.) (mem. op., not designated for publication) ("A valid judgment nunc pro tunc can be entered at any time, even after the trial court has lost jurisdiction over the case." (cleaned up) (quoting *In re Cherry*, 258 S.W.3d 328, 333 (Tex. App.—Austin 2008, no pet.) (orig. proceeding))). Accordingly, we decline to address appellant's pro se motion. We note that our decision in no way precludes appellant from seeking relief below "by way of a motion *nunc pro tunc*." *Ex parte Deeringer*, 210 S.W.3d 616, 617 (Tex. Crim. App. 2006).

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's amended motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*,

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.    CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
22nd day of August, 2024.