# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-15-00390-CV

**In re Martin Aleman**

### ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Martin Aleman, an inmate proceeding pro se, has filed a petition for writ of mandamus, asking this Court to compel the 22nd District Court of Comal County to rule on his motion for judgment nunc pro tunc, which seeks to correct what Aleman claims is a clerical error in his 2002 judgment of conviction for the offense of aggravated robbery.[1] To be entitled to mandamus relief, a relator must establish that: (1) he has no other adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial.[2] An act is ministerial if it does not involve the exercise of any discretion and the relator has a

---

[1] *See Aleman v. State*, No. 03-02-00651-CR, 2004 Tex. App. LEXIS 3162 (Tex. App.—Austin April 8, 2004, no pet.); *see also Aleman v. State*, No. 03-14-00576-CR, 2014 Tex. App. LEXIS 11790, at *1-2 (Tex. App.—Austin Oct. 29, 2014, no pet.) (dismissing for want of jurisdiction Aleman's appeal from district court's previous denial of his motion for judgment nunc pro tunc).

[2] *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

clear right to relief.[3] The relief sought must be clear and indisputable, such that its merits are beyond dispute.[4]

"'[C]onsideration of a motion properly filed and before the court is ministerial.'"[5] When a mandamus petition is based on an allegation that a trial court has failed to rule on a properly filed motion, the relator will not be entitled to mandamus relief unless he establishes that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) either refused to rule on the motion or failed to rule within a reasonable time.[6]

What is considered a reasonable amount of time depends on the circumstances of each case.[7] No bright-line rule demarcates the boundaries of a reasonable time period.[8] "Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first."[9] "So too must the trial court's inherent power

---

[3] *Hill*, 34 S.W.3d at 927; *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding).

[4] *See Hill*, 34 S.W.3d at 927-28; *Daisy*, 156 S.W.3d at 924.

[5] *Hill*, 34 S.W.3d at 927 (quoting *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (opinion on reh'g)).

[6] *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

[7] *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding).

[8] *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

[9] *Id*.

to control its own docket be included in the mix."[10] Moreover, the relator has the burden to provide us with a record sufficient to establish his right to mandamus relief.[11] Accordingly, in this case, Aleman is required to show that a properly filed motion has awaited disposition for an unreasonable period of time.[12]

Here, the record reflects that Aleman's motion for judgment nunc pro tunc was filed with the district clerk's office in May 2015, approximately three months ago. Even if we were to assume that the district court was made aware of the motion at that time, three months does not ordinarily constitute an unreasonable length of time for a motion to remain pending.[13] Moreover, Aleman has failed to provide this Court with any documentation indicating that the district court was asked to rule on the motion and refused to do so. On this record, we cannot conclude that Aleman is entitled to the extraordinary relief requested.

---

[10] *Id*.

[11] *See In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

[12] *See Blakeney*, 254 S.W.3d at 661; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), (2) (relator must file with petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding").

[13] *See, e.g.*, *Blakeney*, 254 S.W.3d at 662-63; *In re Villarreal*, 96 S.W.3d at 711; *Bates*, 65 S.W.3d at 136; *In re Chavez*, 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding); *see also In re Halley*, No. 03-15-00310-CV, 2015 Tex. App. LEXIS 7188, at *4 (Tex. App.—Austin July 14, 2015, orig. proceeding) (mem. op.); *In re Gonzales*, No. 07-06-00324-CV, 2006 Tex. App. LEXIS 8057, at *3 (Tex. App.—Amarillo Sept. 6, 2006, orig. proceeding) (mem. op.); *In re Garcia*, No. 04-09-00123-CR, 2009 Tex. App. LEXIS 1541, at *1-2 (Tex. App.—San Antonio Mar. 11, 2009).

The petition for writ of mandamus is denied.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Filed:   August 26, 2015